*26 ORDER
DARRELL DOWTY, Justice.
On the 9th day of April, 1999, this matter came on for hearing upon the Petition of Harley L. Terrell for a Declaratory Judgment which effectively requests this Court to revisit the decision of the Honorable former Justice Keen of this Court and his decision handed down in Lay v. Cherokee Nation, JAT-97-05, on the 9th day of December, 1998, wherein the Court ordered reapportionment of the Council Districts of the Cherokee Nation in specific accordance with the directive of the Court.
This Court set this matter for an accelerated hearing upon the written request of the Petitioner and granted the written request of Nick Lay by and through his Attorney, (1) James Wilcoxen, to intervene in these proceedings, Mr. Lay having been the prevailing party in JAT-97-05.
This Court has reviewed the files and record made in the previous case cited above and finds that a motion for hearing and review of Justice Keen’s decision by the Court eu banc was granted and an Order' was issued on the 30th day of December, 1998, by Justice Birdwell wherein the Court affirmed the decision of Justice Keen unanimously.
The Court further finds that the issues raised and adjudicated in JAT-97-05 on the Motion to Reconsider En Banc appear to encompass all issues raised by the Petitioner- herein with the exception that the Petitioner asserts that the Court “violated” the statute requiring apportionment to take place by June 30 in the year preceding the election.
Prior to receiving evidence herein, the Court has informed the Petitioner that there is serious concern regarding the attempt to re-litigate what appears to have been fully examined and decided by the Court in the earlier case within recent months. Nevertheless, the Court has allowed the Petitioner' to present his evidence because of the press of time and the impact the decision herein may have on the process of the pending election proceedings. However, the Court has directed the parties to brief the issues relating to this threshold concern and written authority has been filed by the respective parties in a timely manner and the Court has fully reviewed and considered the same.
JAT-97-05 was an extensive litigation initiated by Petition on February 28, 1997, and concluded by the Order of Justice Keen and the En Banc Order above cited. There were multiple hearings, legal argument and the matter- was thoroughly litigated and a final decision rendered. Although this Petitioner did not directly participate in the prior litigation, he is found to have provided an Affidavit supplementing the Motion to Reconsider Eu Banc filed in JAT-97-05 on December 21, 1998, wherein the issues raised by his Petition herein were addressed by the Court with one exception as previously cited.
The Petitioner- has presented a thorough and well organized case. Obviously, much effort and thought has gone into the presentation of the issues. Further, this Court has genuine concern that the Court in JAT-97-05 may have come dangerously close to crossing the lines separating the branches of this government by entering its Order of reapportionment. However, upon review of the record before the Lay Court and the circumstances and time restraints surrounding the present litigation, this Court must give deference to the decision rendered by the Justice Keen and the Court en banc.
The citizens of this Nation must have confidence that they may rely upon the finality of Orders of this Court in disposition of litigation. This is especially *27 true where the critical election processes of the Nation are affected. As the Petitioner points out, the June 30 deadline imposed by law serves the purpose of requiring that reapportionment be finalized early on in the process to give the government time to schedule and plan for the election process. And, is unfortunate that the Court in Lay had to make its decision late (2) in the process, but this Court cannot say that the action of the Lay Court was not supported by the evidence and it did afford a reasonable time to implement the changes necessitated by the reapportionment Order. The issuance of the Order after the June 30 deadline was not an illegal act and constituted a reasonable exercise of the Court’s power.
The critical aspect of time is more amplified in this litigation. Now, there is no time available to grant any practical remedy. Should this Court find in Petitioner’s favor, the losing party can petition for hearing en banc, which would take days, if not weeks to schedule and consider. As of the date of this writing, the deadline for preparation of the final ballots is upon us. Hearing en banc with the present makeup of the Court would include myself and the Chief Justice who only weeks ago affirmed the decision of Justice Keen and, in a hearing in this case on March 23, 1999, expressed many of the same reservations and concerns enunciated in this opinion.
It is equally, if not more important, that citizens contemplating candidacy for Council seats, know with assurance, the number of seats to be contested in their districts. The decision to devote the time, resources and sacrifices attendant to a campaign must certainly be influenced by the knowledge of the number of seats available. For this Court to contemplate a change in those fundamental numbers after the filing period would be unfair to the present candidates whose rights must be given consideration in this decision.
The Court has reviewed the briefs and authority of Counsel upon the threshold issues of res judicata and alleged collateral attack upon the previous Court Order. The Court does not find the arguments on either side dispositive in terms of characterizing this litigation. The Petitioner had knowledge of, and opportunity to participate in the previous litigation and participated in the preparation and supplemental attachments to the Motion to Reconsider. Although he may have been prejudiced by the Lay decision, there would be a greater prejudice to the citizens and disruption to the orderly electoral process if the Order of Justice Keen was not allowed to stand. It is not the character of the litigation, but the more practical considerations of both the constraints of time and public policy expressed above that preclude the granting of any meaningful remedy here.
IT IS THEREFORE ORDERED that the Petition for Declaratory Judgment of the Petitioner is hereby denied in all respects and that the prior decision and Order of the Court in JAT-97-05 is hereby affirmed.